UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SEA COAST SHIPPING CO, INC.

    Plaintiff,

vs.

WESTERN SURETY COMPANY,

    Defendants

_____/

## COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

Plaintiff, SEA COAST SHIPPING CO, INC., (hereinafter "Sea Coast") by and through undersigned counsel, hereby sues Defendant, WESTERN SURETY COMPANY, (hereinafter "Western"), and alleges the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Sea Coast is a Florida Corporation, is a citizen of the state of Florida, and has its principal place of business located in Miami-Dade County, in the southern District of Florida.

2. Defendant Western is a South Dakota Corporation, a citizen of the State of South Dakota, and has its principal place of business in Chicago Illinois. Western is authorized to issue surety bonds in the state of Florida.

3. Jurisdiction of this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, where the matter in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and the action is between citizens of different states.

4. Venue is proper in the United States District Court for the Southern District of Florida, as the surety contract at issue was delivered in Miami Dade County, Florida.

5. All conditions precedent to the filing of this action have been fulfilled or waived.

## FACTUAL ALLEGATIONS

6. Seacoast is a company that was involved in the shipment of goods to and from various ports in the Caribbean from its terminal on the Miami River.

6. In order for Seacoast to ship its goods to and from its terminal on the Miami River it needed to secure a surety bond in favor of the United States, US Customs and Border Patrol .

7. Seacoast engaged non-party broker, J. Kevin Lally & Co Inc ("the broker") to secure a surety bond in the amount of Five Hundred Thousand Dollars ($500,000.00) in favor of the United States of America.

8. J. Kevin Lally & Co Inc engaged non-party broker C.A. Shea & Company Inc. ("the broker") to obtain the surety bond.

9. On or about January 7, 2019, the brokers secured a surety bond through Western, a copy of which is attached hereto as **Exhibit A** under surety bond # 181016003.

10. As a condition of the surety bond issued by Western, Seacoast paid an annual premium of $12,500. and was required to post collateral in the form of a letter of credit and certificate of deposit in the amount of Three Hundred fifty Thousand Dollars ($350,000.00), in favor of Western.  Seacoast fully performed its obligations.

11. The bond states in pertinent part:

> "Pursuant to Customs Regulations, a bond remains in force for one year beginning with the effective date and for each succeeding annual period, ***or until terminated,*** *(*emphasis added).

12. In early 2022, Seacoast sold its vessel, and terminated its shipping business.

13. On June 6 2022, Seacoast and the brokers terminated the bond as per the notice attached as **Exhibit B.**

14. Despite the termination of the bond, Western refuses to release the collateral and certificate of deposit as evidenced by the correspondence attached as **Exhibit "C".**

## COUNT I

## BREACH OF CONTRACT

15. The allegations contained in paragraphs 1 through 14 are incorporated herein by reference as if fully set forth.

16. This is an action for breach of a contract as against Defendant Western.

17. Western had a duty under the subject terms to release the collateral once the bond was terminated.

18. Despite being notified by Seacoast requesting release of the collateral, Western refuses to do so.

19 Seacoast has performed all of its obligations pursuant to the terms of the Bond, and all obligations and conditions precedent have been met.

20. As a result of Westerns breach of the terms of the Bond, Plaintiff has been damaged.

21. Plaintiff has retained the services of undersigned counsel and is responsible for paying reasonable attorneys' fees and costs attendant to this litigation. Plaintiff is entitled to attorneys' fees, should it prevail in this action, pursuant to Florida Statute § 627.428.

WHEREFORE, SEACOAST respectfully requests judgment for damages against Defendant, together with interest costs and attorneys' fees, and such other and further relief to which it may be entitled.

Dated: September 27, 2022

## COUNT II DECLARATORY RELIEF

22. The allegations contained in paragraphs 1 through 14 are incorporated herein by reference as if fully set forth.

23. Seacoast brings this action pursuant to 28 USC § 2201 for a judgment declaring that its surety bond does not provide for or require its collateral and letter of credit to remain in effect indefinitely, or for any time period after the bond is terminated.

24. There is no language in the surety bond, **Exhibit A**, that provides that the surety may refuse to release the letter of credit or refuse to release the collateral after the bond is terminated.

25. The bond states: "Pursuant to Customs Regulations, a bond remains in force for one year beginning with the effective date and for each succeeding annual period, *or until terminated.*" **Ex. A** (emphasis added).

26. In light of the termination of the surety, Seacoast has demanded release of the collateral and termination of the letter of credit.

27. Western refuses to release the collateral and letter of credit.

28. Pursuant to the foregoing, a real and immediate controversy exists, and Seacoast is in doubt as to its rights and obligations under the surety bond.

29. An existing bona fide controversy exists between Western and Seacoast regarding the rights and duties with respect to the surety bond, and the rights of the parties can only be determined by a declaratory judgment.

30. Seacoast seeks a judicial determination that the surety bond policy does not allow Western to hold the letter of credit and collateral after the surety bond has been terminated.

31. Plaintiff has retained the services of undersigned counsel and is responsible for paying reasonable attorneys' fees and costs attendant to this litigation. Plaintiff is entitled to attorneys' fees, should it prevail in this action, pursuant to Florida Statute § 627.428.

WHEREFORE, SEACOAST respectfully requests a declaration that the Western must release the letter of credit and collateral as the bond has been terminated, together with interest costs and attorneys' fees, and such other and further relief to which it may be entitled.

.

s/ Robert Ader_____
ROBERT ADER, ESQ.
Florida Bar No. 335126
ELIZABETH B. HITT, ESQ.
Florida Bar No. 176850
ADER & HITT, P.A.
*Attorneys for Defendant*
Midtown Office Lofts – Suite 218
3401 North Miami Avenue
Miami, Florida 33127
Telephone: (305) 371-6060
Primary Emails:   rader@aderhittlaw.com
                  ehitt@aderhittlaw.com
Secondary Email